**Keith S. Dubanevich**, OSB No. 975200
Email: kdubanevich@stollberne.com
**Joshua L. Ross,** OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Megan E. Glor**, OSB No. 930178
Email: megan@meganglor.com
MEGAN E. GLOR ATTORNEYS AT LAW
621 SW Morrison Street, Suite 900
Portland, OR 97205
Telephone:      (503) 223-7400
Facsimile:      (503) 227-2530

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION OF PORTLAND

| | |
|---|---|
| A.F., by and through his parents and guardians, Brenna Legaard and Scott Fournier; and A.P., by and through his parents and guardians, Lucia Alonso and Luis Partida; S.W., by and through his parents and guardians, Kody Whipple and Jamie Whipple; S.S., by and through his parents and guardians, David Smith and Brooke Kennelley; I.F., by and through his parents and guardians, Bryan Fowler and Susan Rogers Fowler, and on behalf of similarly situated individuals, | Case No. 3:13-cv-00776-SI<br><br>**DECLARATION OF HON. PAUL J. DE MUNIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL SETTLEMENT AGREEMENT** |
| Plaintiffs, | |
| v. | |
| Providence Health Plan, | |
| Defendant. | |

I, Paul J. De Muniz, declare under penalty of perjury and in accordance with the laws of the State of Oregon and the United States that:

1.     In the fall of 2016, I was privileged to be selected by the parties to mediate this case and I am submitting this Declaration in support of the plaintiffs' motion for approval of the heavily-contested, extensively-negotiated proposed settlement, which settlement confers substantial benefit upon the class.

2.     After high school I joined the US Air Force and served a one-year tour of duty in Vietnam.  After discharge from the service, I received a bachelor's degree from Portland State University in 1972 and a JD degree from the Willamette University College of Law in 1975. From 1975 to 1977, I was a deputy public defender for the State of Oregon.  I was then in private practice for thirteen years during which time I specialized in complex criminal and civil litigation, as well as appeals.  Between 1990 and 2000, I sat on the Oregon Court of Appeals and in 2000 I was elected to the Oregon Supreme Court and served as the court's Chief Justice and administrative head of the Oregon Judicial Department from January 2006 to May 2012.  I currently teach law at Willamette University College of Law as a Distinguished Jurist in Residence.

3.     Since leaving the bench I have mediated a broad range of cases, almost all of which have involved complicated legal or factual issues.  In October 2016, I was jointly contacted by the attorneys for the plaintiffs and the defendant and was asked to assist with their settlement negotiations.  I agreed to do so and scheduled a one-day mediation session to occur on November 16, 2016.  In advance of that mediation session, the parties submitted to me detailed confidential mediation statements and supporting exhibits.  I also had separate preliminary discussions with the attorneys for both sides.

Page 1 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

4.      Numerous and contentious issues required resolution prior to an agreement on settlement.  Accordingly, as with many of the complex disputes that I mediate, the process of negotiating the settlement was lengthy and difficult.  Counsel for the plaintiffs and for the defendant each presented significant arguments regarding their clients' positions, and it was apparent to me that both sides possessed strong, non-frivolous arguments, and that neither side was assured of victory.  Because the parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.  I can say, however, that the arguments and positions asserted by all involved were the product of much hard work, and they were complex and highly adversarial. After reviewing all of the written mediation statements, I believed that this would be a difficult and adversarial process through which all involved would hold strong to their convictions that they had the better legal and substantive arguments, and that a resolution without further litigation was by no means certain.

5.      With these issues, and many others in mind, we held an all-day, in-person mediation session on November 16, 2016 in Portland, Oregon.  The mediation was attended by counsel for the Plaintiffs, Keith Dubanevich and Josh Ross of Stoll Berne, the plaintiffs Brenna Legaard, Scott Fournier, individually on behalf of their son A.F., and as class representatives; Lucia Alonso and Luis Partida, individually on behalf of their son A.P., and as class representatives; Kody Whipple and Jamie Whipple, individually on behalf of their son S.W.;

David Smith, individually on behalf of his son S.S.; and Susan Fowler, individually on behalf of her son, I.F.  Plaintiffs were also represented for portions of the day by Matthew Malmsheimer, who was present as independent counsel to provide the Plaintiffs with advice regarding

Page 2 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

negotiation of the attorney fees and costs.  Providence was represented at the mediation by

William Gary of Harrang Long Gary Rudnick.  Multiple representatives of Providence also

attended the mediation.  Each of the parties was represented during the mediation process by

zealous and able counsel, who negotiated aggressively, in good faith, and at arm's-length.

6.      Over the course of the first day, I engaged in extensive discussions with counsel

for both sides and the parties in an effort to find common ground between the parties' respective

positions.  The mediation proceeded in stages.  The parties' first negotiated resolution of the first

(class) claim for relief.  There were no discussions of the individual (second and third claims)

until after the parties reached an agreement as to all aspects of the resolution of the class claim.

7.      After extensive discussions the parties reached an agreement pursuant to which

Providence agreed to never use the Developmental Disability Exclusion to deny claims for

Applied Behavioral Analysis.  In addition, Providence agreed to pay $10,000 to each of the Lead

Class Plaintiffs.  The topic of attorneys' fees amount was not discussed until after the benefit to

the class was agreed upon and after the parties reached an agreement to settle their individual

claims as explained hereafter.

8.      After reaching an agreement in principle to settle the class claim, and subject to

resolution of all other claims, the parties proceeded to negotiate a resolution of the second and

third claims.  Only then did the parties begin to discuss resolution of Stoll Berne's request for

payment of its attorney's fees.


9.      The parties were not able to reach an agreement regarding the payment of

attorney's fees on November 16, 2016.  However, the attorneys memorialized their agreement in


Page 3 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

principle subject to an agreement on the attorney's fee issue and thereafter I had additional communications with the attorneys.

10.     On November 30, 2016, I met again with the attorneys for Providence and the plaintiffs and had further discussions regarding the resolution of the attorney fee issue. After numerous exchanges and a significant amount of hard work by all parties, the discussions had reached a point where I felt that I could fruitfully make a mediators' proposal that the parties agree to settle at a specific number. In that regard, I made a final mediator's recommendation that the parties agree to resolve the attorney fee issue for a cash payment by Providence. I requested that the parties respond to this recommendation in a "double blind" process through which neither side would know whether or not the other side had accepted. The attorneys agreed to consider my mediator's proposal which was eventually accepted by all parties.

11.     As discussed herein, it was an extremely hard-fought and difficult negotiation. I cannot delve into the specifics regarding each party's positions and thinking due to the fact that many discussions occurred during confidential mediation sessions. However, I can say that there were many complex issues that required deep thought and creative solutions. I can also attest that the negotiations were vigorous, fully at arm's-length and conducted in good faith, with no collusion whatsoever.

12.     Based on my experience as a litigator, a former Oregon Supreme Court Justice and a mediator, I believe this settlement represents a recovery and outcome that is reasonable and fair for the Class and all parties involved. I further believe it was in the best interests of all of the

parties that they avoid the burdens and risks associated with taking a case of this size and

Page 4 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

complexity to trial, and that they agree upon the settlement now before the Court.  In sum, I strongly support the approval of the settlement in all respects.

13.    In my opinion, this settlement is an excellent result for the class members, and an effective result for all parties, particularly in light of the substantial risk and uncertainty of further litigation in the trial and appellate courts, matters with which I became familiar during the mediation.  The Court, of course, will make its own determination as to the fairness of the settlement under applicable legal standards.  From a mediator's perspective, however, the settlement is the result of extensive arm's-length negotiations with no trace of collusion, and its terms fairly account for the risks and potential rewards of the claims being settled.  Accordingly, I fully recommend final Court approval of the settlement.

14.    Lastly, the advocacy on both sides of the case was outstanding.  I have experience with the principal attorneys working on this case from other cases I have worked on as a litigator and as a judge, and I was familiar with their reputations and expertise.  The advocacy from counsel representing the plaintiffs (from the law firm of Stoll Berne) was of the highest caliber and they also exhibited enormous effort, creativity and zeal in their prosecution of this case. Similarly, the counsel representing the Defendant (from the Harrang Long Gary Rudnick firm) demonstrated tenacity, determination and assertiveness in their defense of Providence Health Plan.  All counsel displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients.  The settlement is a direct result of all counsel's experience, reputation and ability in these types of cases.

I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty of perjury.

Page 5 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

DATED this 23ᴿᴰ day of February, 2017.

By: _____
       Hon. Paul J. De Muniz

Page 6 – **DECLARATION OF HON. PAUL J. DE MUNIZ**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840